UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

-v-

MICHAEL MESTRE,

Defendant.

16-CR-317-013 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On January 19, 2018, defendant Michael Mestre was sentenced principally to a term of imprisonment of 106 months. Dkt. 574.

On February 7, 2024, defense counsel moved for a reduction of Mestre's sentence, pursuant to Amendment 821 of the Sentencing Guidelines, Dkt. 810, having been reappointed by the Court for this purpose, Dkt. 802. On February 15, 2024, the Government filed a letter, agreeing that Mestre is eligible for a reduction of sentence under Amendment 821, and stating that it did not object to a reduction of sentence to one within the newly calculated Guidelines range. Dkt. 813. The Probation Department has likewise determined that Mestre is eligible for an adjustment of his sentencing guidelines range based on Amendment 821. Dkt. 784.

All parties thus agree that Mestre is eligible for a sentence reduction under Amendment 821; that, under that Amendment, his Criminal History Category, which as of sentencing was calculated as level III, is now level II; and that, at offense level 21 and criminal history II, his Guidelines range on Count One would now be 41-51 months imprisonment, rather than the range calculated at the time of sentencing, of 46-57 months imprisonment. The parties also agree that, as at the original sentencing, a mandatory consecutive sentence of 60 months imprisonment must

1

be imposed on Count Two, making Mestre's effective guidelines range today 101-111 months imprisonment, rather than the range, 106-117 months imprisonment, calculated at the time of sentencing. The Court finds that Mestre is eligible for a sentence reduction and adopts the above calculations as to his Guidelines range.

All parties further agree that the Court has the latitude, under Amendment 821, to reduce Samuels' sentence on Count One to 41 months imprisonment and thus to reduce his overall sentence to 101 months imprisonment. The defense recommends such a reduction, *see generally* Dkt. 810, and the Government does not oppose such a reduction, *see* Dkt. 813 at 3.

The Court has reviewed the record in this case, including the sentencing judge's assessment of the just and reasonable sentence at the time of sentencing; the fact that the sentencing judge imposed a sentence at the bottom of then-applicable Sentencing Guidelines range; and the factors addressed in defense counsel's recent memorandum, including the unexpectedly arduous prison conditions that Mestre experienced during the COVID-19 pandemic, and the positive aspects of Mestre's post-sentencing conduct, including his adaptation to a reentry center since his release from prison in December 2023 and his gainful employment. Considering the revised Sentencing Guidelines range and all 18 U.S.C. § 3553(a) factors, the Court is persuaded that a reduction of Mestre's sentence to 101 months imprisonment is justified, and that such a sentence is consistent with the § 3553(a) factors taken as a whole, including protection of the public.

Having considered the record in this case and the parties' arguments, it is ORDERED that defendant Mestre's term of imprisonment is reduced to 101 months' imprisonment, to be comprised of a sentence of 41 months on Count One and 60 months on Count Two, these terms to run consecutively. All other components of the sentence remain as originally imposed.

In light of the possibility that this order may have implications soon for the date of Mestre's release from the reentry center, the Court directs Government counsel to furnish this order to the Bureau of Prisons forthwith.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: February 15, 2024
      New York, New York